**SAO**
JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RHIANN S. JARVIS, ESQ.
Nevada Bar No. 13509
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
(702) 477-0088 facsimile
jsilvestri@pyattsilvestri.com
rjarvis@pyattsilvestri.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KILLORAN,<br><br>　　　　Plaintiff,<br>vs.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA; ROE CORPORATIONS 1 through 10, inclusive; and DOES 11 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO.:   2:14-cv-02160-LDG-GWF |

**STIPULATION FOR BINDING ARBITRATION**

The parties, through their undersigned counsel, hereby stipulate to place the matter into binding arbitration. Rules governing trial de novo will not apply to this case as this arbitration is binding. The parties are aware, however, that any party may move the Court to confirm, vacate or modify the decision of the arbitrator in the manner authorized by NRS Chapter 38. The parties further agree and stipulate:

　　1. This arbitration shall be binding and shall be the sole and final resolution and adjudication of this matter. This clause is the essence of this Stipulation. The parties specifically waive any right to seek an award of attorney's fees, costs and/or interest.

　　2. The parties agree that each will pay their own costs for the arbitration.

　　3. The mutually agreed upon arbitrator is Joseph J. Bongiovi, III.

4. The arbitration hearing will be conducted as soon as the arbitrator and the parties are available.

5. Plaintiff hereby agrees to waive and dismiss the foregoing case, with prejudice, upon receipt of the binding arbitration decision and payment of any award.

6. The parties agree that Brian Killoran was involved in an accident caused by Terri Lynn Waite on July 27, 2012, as more fully described in the subject complaint filed in this matter.

7. The parties agree that Mr. Killoran already recovered $10,000.00 from the insurance carrier for Terri Lynn Waite, AAA as a result of the accident.

8. The parties agree that Mr. Killoran already received $54,568.60 from Encompass for his medical treatment.

9. The parties also agree that Mr. Killoran's Underinsured Motorist Policy limits are $250,000.00.

10. The parties agree that discovery will be conducted pursuant to the Nevada Rules of Civil Procedure and/or set by the arbitrator, including, but not limited to the following: Defendant shall be entitled to take the deposition of Plaintiff. Plaintiff also agrees to submit to a medical examination under NRCP 35 if requested to do so. Additional discovery will be governed by the Nevada Rules of Civil Procedure and/or set by the arbitrator.

11. Arbitration briefs are to be submitted in accordance with the instructions and desires of the arbitrator.

12. At the arbitration, Plaintiff may admit any medical records or bills produced to Defendant with an affidavit from a custodian of records. Either party may present deposition testimony at the arbitration in this matter without having to produce the physician or expert, or either party may elect to have the physician or expert appear.

13. The arbitrator shall not be informed concerning the high/low limits that the parties have agreed upon, nor will the arbitrator be informed of the monies previously received by the Plaintiff. Rather, the arbitrator will be asked to put a fair and equitable value on the damages incurred by the Plaintiff. The arbitration shall only concern Plaintiff's contractual damages and

will not concern extra-contractual issues, nor will the arbitration contain discussions of extra-contractual issues or allegations.

13a. The parties herein agree to high/low limits as follows:

High: $ 250,000.00

Low: $ 0

13b. Under no circumstances shall the Plaintiff recover more than Two Hundred Fifty Thousand Dollars ($250,000.00) from Defendant.

14. Defendant is entitled to a total offset of $64,568.60. The offset is for $10,000.00 in monies previously received from the third party insurance carrier, AAA and for $54,568.60 in monies previously paid by Encompass for Plaintiff's medical treatment.

By way of example, if the arbitrator awards Plaintiff $0 through $64,568.60 Plaintiff would recover nothing from Defendant. If the arbitrator awards Plaintiff an amount between $64,568.61 and $314,568.60, Defendant will pay the amount of the award minus $64,568.60. If the arbitrator awards the Plaintiff in excess of $314,568.60, Defendant will pay the Plaintiff $250,000.00.

15. At the conclusion of the arbitration, payment of any award will be made within 30 days. Plaintiff will then execute a full Release of Defendant for all claims arising out of the July 27, 2012 accident.

16. Plaintiff will agree to resolve, and indemnify and hold Defendant harmless from, all statutory liens, including but not limited to medical, hospital, and attorney liens.

///
///
///
///
///
///
///
///


17. Upon payment of the sum awarded, the parties shall execute a stipulation for dismissal of all claims with prejudice to be submitted to the Court, dismissing this matter in full with prejudice.

Dated this 6 day of April, 2015.

HARRIS & HARRIS

BRIAN K. HARRIS, ESQ.
Nevada Bar No. 7737
2029 Alta Drive
Las Vegas, NV 89106
Attorneys for Plaintiff

Dated this 13th day of April, 2015.

PYATT SILVESTRI

JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RHIANN S. JARVIS, ESQ.
Nevada Bar No. 13509
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendant

I, BRIAN KILLORAN, having read and carefully considered the above Stipulation hereby consent to and agree to binding arbitration with the above-terms and conditions.

DATED this 13 day of April, 2015.

BRIAN KILLORAN

IT IS SO ORDERED

_____
DISTRICT COURT JUDGE
LLOYD D. GEORGE

DATED: 20 April 2015

Pyatt Silvestri
701 E. Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

4